# Exhibit B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| In re Application of Eurasian Natural Resources Corp. Ltd. <br> *Plaintiff* <br> v. <br> for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Glenn Simpson, 10220 Mackall Rd, Saint Leonard, MD 20685

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 2112 Pennsylvania Avenue, NW <br> Washington, DC 20037 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Video and transcription

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See the attached Rider to Subpoena. Note that the requested documents must be produced at least fourteen (14) days before the date listed above for your deposition.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eurasian Natural Resources Corporation Limited , who issues or requests this subpoena, are:
Nowell D. Bamberger, Cleary Gottlieb Steen & Hamilton LLP (address above), nbamberger@cgsh.com, 202-974-1752

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

---------------------------------x
IN RE APPLICATION OF EURASIAN  :
NATURAL RESOURCES CORP. LTD.   :  Case No.
                               :
           Petitioner,         :
                               :
for an order pursuant to 28 U.S.C. § 1782 to :
conduct discovery for use in a foreign :
proceeding.                    :
---------------------------------x

**RIDER TO SUBPOENA DIRECTED TO GLENN SIMPSON**

## RIDER TO SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), Eurasian Natural Resources Corporation Limited, by and through its undersigned counsel, hereby demands that You produce all of the Documents described herein (the "Requests"), for inspection and copying, at the offices of Cleary Gottlieb Steen & Hamilton LLP, 2112 Pennsylvania Avenue, NW, Washington, DC 20037 (Attn: Nowell D. Bamberger), at least 14 days before the date listed on the attached Subpoena for Your deposition.

## DEFINITIONS

1. "ENRC" shall mean Eurasian Natural Resources Corporation Limited and its principals, officers, directors, employees, members, servants, accountants, representatives, agents, attorneys, and all others acting on its behalf.

2. "ENRC's Related Companies" shall mean any past and present corporations, organizations, partnerships, limited liability companies, affiliates, subsidiaries, corporate parents, or other business entities related to ENRC.

3. The "Trio" shall mean Alexander Mashkevich, Alijan Ibragimov, and Patokh Chodiev, together with their representatives, agents, attorneys, and all others acting on their behalf.

4. "Simpson" shall mean Glenn Simpson, together with his representatives, agents, attorneys, and all others acting on his behalf.

5. "You" or "Your" shall mean Simpson, as defined in Paragraph 4 of the Definitions above.

6. "Hollingsworth" shall mean Mark Hollingsworth, together with his representatives, agents, attorneys, and all others acting on his behalf.

7. "Document(s)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreements, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical, electronic or electrical recording device, data compilations from which information can be obtained or can be translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, whether in lithograph, or in any other tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation including letters, records, pictures, film, videotape, sounds, symbols or communications thereof.

"Document(s)" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed,

reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations or writing have been appended.

8. "Communication" is intended to have the broadest possible meaning and to include any transmittal of information or request for information from a person or entity to another, including, without limitation, the expression, imparting, conveying, transmittal, or exchange, whether by speech, writing, signs or otherwise, of any statement, question, command, idea, fact, knowledge, information, or other verbal or symbolic matter.

9. "Concerning" is intended to have the broadest possible meaning and to include, without limitation, relating to, constituting, evidencing, describing, mentioning, commenting about, referring to, reflecting, pertaining to, assessing, recording, conveying, touching upon, summarizing, or in any way relevant to.

10. "Person" is intended to have the broadest possible meaning and to include, without limitation, any natural person or any kind of legal entity, including any business, partnership, firm or association, and its agents or employees.

## INSTRUCTIONS

1. Each Request shall be construed independently and no Request shall limit the scope of any other Request.

2. Each Request shall be answered fully, including with respect to each subdivision thereof, and in writing.

3. You are required to produce all Documents that are responsive to the Requests herein and that are available to You, including, without limitation, Documents that are in Your actual or constructive possession, custody, or control. Without limiting the term "control," a

Document is deemed to be within Your actual or constructive control if You have ownership, possession, or custody of the Document, or a right (other than the right of any member of the public) to obtain the Document or a copy thereof from another Person or public or private entity having actual possession thereof.

4. All responsive Documents must be produced, regardless of whether they are in draft or final form and regardless of whether they are originals or copies. Each draft or copy of a Document which is different in any way from the original or from other copies (whether due to edits, notes, comments, interlineation, post-its, labels, "receipt" stamps, other markings of any sort, additional or different attachments, exhibits, or otherwise) is a separate Document that must be produced. Documents are to be produced in their full and unredacted form (except as necessary to protect privilege) and as they are kept in the ordinary course of business. Documents or pages that are physically attached to one another in Your files shall be considered a single Document for purposes of these Requests and shall be produced in that form. Documents that are categorized or identified by file labels, dividers, tabs or any other method shall be produced along with such labels, dividers, tabs or other method of categorization or identification. Documents shall be produced in the order in which they are maintained or categorized by Request.

5. If any portion of any Document is responsive, the entire Document shall be produced. If only a part of a Document is protected by any privilege or immunity, only the privileged matter shall be redacted; the remainder of the Document shall be produced.

6. If You object to any Request or any part thereof and refuse to respond to that Request or that part, identify the Request or part to which You are objecting, state with specificity all grounds for Your objection, and respond to any portion of the Request to which You are not objecting.

7. If there are no Documents responsive to a Request, state so in writing in Your response to the Request.

8. These Requests call for production of all Documents in a searchable, electronic format. Electronically stored information ("ESI") responsive to the requests should be produced in a form compatible with Concordance and IPRO. Documents should be endorsed with production numbers and produced as single page Group IV .tiff image files, extracted full text in the format of document level .txt files, extracted metadata in a delimited text file, and an image load file indicating document breaks in the format of an .Ipf (for IPRO) file. Image file names should not contain spaces and parent/attachment relationships should be maintained. All ESI also should be produced in its native electronic format in the manner in which it is ordinarily maintained. Documents maintained in paper form should be scanned to .tiff and OCR and produced as a single page .tiff with IPRO load files indicating document breaks and document level OCR files in .txt format. The information requested should be produced on CD, DVD, or hard drive.

9. All phrases following the terms "including," "including, but not limited to," and "including, without limitation," as used herein, are intended to illustrate the kinds of Documents responsive to a particular Request. Such examples are not intended to be exhaustive of the Documents sought by the Request and shall not in any way be read to limit the scope of the Request.

10. If any Document, or portion thereof, is not produced under a claim of privilege, immunity, or otherwise, as to each such Document or redacted portion, You must state:

    i. the type of Document (*e.g.*, "memo");

    ii. the date of the Document, its author, and each addressee;

    iii.    each Person to whom copies of the Document were furnished or to whom the contents thereof were communicated, including all recipients of carbon or blind copies;

    iv.    where not apparent, the relationship of the author, addressee(s), and recipient(s);

    v.    the privilege or immunity claimed and the basis upon which the asserted privilege or immunity, or other reason for non-disclosure, is claimed.

11. If any responsive Document was formerly in Your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, You must identify each such Document and state:

    i.    the nature of the Document and its contents;

    ii.    the name, address, occupation, title, and business affiliation of each Person who prepared, transmitted, received, viewed, and has had possession, custody, or control of the Document, including all recipients of carbon or blind copies of the Document;

    iii.    the date on which the Document was prepared or transmitted;

    iv.    the date on which the Document was lost, destroyed, or otherwise disposed of;

    v.    a statement of the reasons for destruction or other disposition of the Document;

    vi.    the name, address, occupation, title, and business affiliation of each Person who authorized destruction or other disposition of the Document;

    vii.    the name, address, occupation, title, and business affiliation of each Person who destroyed or disposed of the Document; and

    viii.    the specific Request(s) that call for the production of the Document.

12. Unless otherwise stated, the relevant time period for the Requests is from 2010 through and including the present. All responsive Documents dated, created, modified, received, used, reviewed or sent during this time period must be produced, as well as responsive Documents referring to events during this time period, regardless of their date.

13. These Requests are continuing in nature. If, after responding to these Requests, You obtain or become aware of any additional Documents responsive to any of these Requests, You are

required to furnish a supplemental response to the fullest extent required by any applicable law or rule when such information becomes available.

14. In construing these Requests, the use of a verb in any tense shall be interpreted as the use of that verb in all other tenses in order to obtain the broadest possible meaning.

15. In construing these Requests, the singular form of a word shall be interpreted to include the plural and vice versa, to obtain the broadest possible meaning.

16. In construing these Requests, the words "all", "any" and "each" shall each be read and applied so as to encompass any and all.

17. The words "and" and "or," as used herein, are terms of inclusion and not exclusion, and shall be read disjunctively or conjunctively, as necessary to construe the Requests in their broadest permissible form.

## DOCUMENTS REQUESTED

1. All e-mails and other Communications between You and Hollingsworth concerning ENRC, ENRC's Related Companies, the Trio, or their respective business interests.

2. All Documents concerning ENRC, ENRC's Related Companies, the Trio, or their respective business interests that You obtained from Hollingsworth.

3. All Documents concerning Your use or further dissemination of Documents or information concerning ENRC, ENRC's Related Companies, the Trio, or their respective business interests that You obtained from Hollingsworth, as well as all Documents concerning how any third parties who received such Documents or information from You used or further disseminated the Documents or information.

4. All Documents concerning ENRC, ENRC's Related Companies, the Trio, or their respective business interests that You obtained from any third party other than Hollingsworth, as well as Documents reflecting how and from whom You obtained any such Documents.

5. All Documents concerning Your use or further dissemination of Documents or information concerning ENRC, ENRC's Related Companies, the Trio, or their respective business interests that You obtained from any third party other than Hollingsworth, and all Documents concerning how any third parties who received such Documents or information from You used or further disseminated the Documents or information.