IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EURASIAN NATURAL RESOURCES CORPORATION LIMITED, | * | |
| | * | |
| Petitioner, | * | Civil No. 8:19-mc-00699-PX |
| v. | * | |
| GLENN SIMPSON, | * | |
| Respondent. | * | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Eurasian Natural Resources Corporation Limited's ("ENRC") *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding ("Application") (ECF No. 1).[1] In its Application, ENRC seeks an order allowing it to take discovery from Glenn Simpson for use in a foreign proceeding. For the following reasons, the Application will be granted.

Title 28 U.S.C. § 1782(a) provides for "federal-court assistance in the gathering of evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004). A federal court may grant such assistance where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a). The Supreme Court has also identified additional discretionary factors to guide the Court:

> in assessing § 1782's "twin aims" of providing efficient means of assistance to participants in international litigation while encouraging foreign tribunals to

---

[1] On December 12, 2019, Judge Xinis referred the Application to me pursuant to Local Rule 301.6(af). (ECF No. 6.)

provide similar assistance to our courts. *Schmitz v. Bernstein Liebnard v. Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The factors are: (1) whether "the person from whom discovery is sought is a participant in a foreign proceedings;" (2) the receptivity of the foreign tribunal to U.S. Court assistance; (3) whether the Section 1782 request is an attempt to "circumvent foreign proof gathering restrictions;" and (4) whether the documents sought are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

*Oncology Found. v. Avanza Dev. Servs., LLC*, No. PX-17-1445, 2017 WL 2376769, at *1 (D. Md. May 30, 2017).

The Application meets all the necessary criteria. Glenn Simpson, the proposed deponent, "resides" and "is found" in Maryland, the discovery is to be used in proceedings in a lawsuit in the United Kingdom, and the Application is made by a party to those proceedings. Moreover, Glenn Simpson is not a participant in the foreign proceedings, there is no suggestion that the court presiding over the foreign proceedings would not be receptive to the assistance or that this subpoena is an attempt to circumvent its restrictions, and the discovery sought does not appear to be unduly intrusive or burdensome. If appropriate, once the subpoena is served, a motion to quash can be filed in lieu of compliance. *See In Re Naranjo*, 768 F.3d 332, 338 n.4 (4th Cir. 2014) ("Once the application is granted and the subpoena is issued, the subpoena target can move to quash it.").

Accordingly, it is this 6th day of January 2020, by the United States District Court for the District of Maryland, **ORDERED** that the Application is **GRANTED**, and Eurasian Natural Resources Corporation Limited is authorized, pursuant to 28 U.S.C. § 1782, to serve Glenn Simpson with the subpoena in the form of Exhibit B to the Application (ECF No. 1-3).

                                                                                    /s/
                                        Timothy J. Sullivan
                                        United States Magistrate Judge